UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOWNSEL,<br><br>       Plaintiff,<br><br>       v.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS, et al.,<br><br>       Defendants. | Case No. 1:15-cv-00801-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>[ECF No. 1] |

Plaintiff David Townsel is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on May 27, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff suffers from "Schizophrenia," which requires he be afforded twenty four hour psychiatric care in order to properly treat his illness. Madera County Department of Corrections does not provide twenty four hour care for those who suffer from mental disorders. Sean Ryan is present in the mental health care department during the hours of 7:00 a.m. to 3:00 p.m., which leaves a period of eighteen hours in which there is no "on-site" mental health care provider within the facility. The only option utilized by the facility after 3:00 p.m. is an "on call" health care provider who has to travel from his residence when needed and can often take hours for his arrival. This creates a very dangerous situation for the inmate because if a "schizophrenic episode" is experienced it is not guaranteed that the inmate can maintain a sane mental state until the health care provider arrives.

From April 16, 2014 to July 7, 2014, Plaintiff did not receive any treatment. There were no visits from doctors, no therapy sessions, and his illness was left untreated.

## III.

## DISCUSSION

### A.  Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff fails to name or identify any Defendants in this action. Accordingly, Plaintiff cannot proceed with any claims under 42 U.S.C. § 1983.

### B.  Eighth Amendment Violation

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680

1 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective

2 recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and

3 quotation marks omitted); Wilhelm, 680 F.3d at 1122.

4     Plaintiff has not presented sufficient facts to demonstrate that any individual acted with

5 deliberate indifference to his need for mental health treatment. Plaintiff's complaint is devoid of

6 sufficient facts to support his claim of deliberate indifference by the failure to provide mental health

7 treatment from April 16, 2014 through July 7, 2014. Accordingly, Plaintiff fails to state a cognizable

8 claim under the Eighth Amendment.

## IV.

## CONCLUSION AND ORDER

11     For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be

12 granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v.

13 Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by

14 adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir.

15 2007) (no "buckshot" complaints).

16     Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

17 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

18 Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties

19 and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

20 constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as

21 true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level

22 . . . ." Twombly, 550 U.S. at 555 (citations omitted).

23     Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc.,

24 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be

25 "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All

26 causes of action alleged in an original complaint which are not alleged in an amended complaint are

27 waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.

28 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed May 27, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **September 25, 2015**

UNITED STATES MAGISTRATE JUDGE